IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **AFS LOGISTICS, LLC,** ) | Civil Action No. | 2:23-cv-03422-RMG |
| ) | | |
| **Plaintiff,** ) | | |
| ) | | |
| v. ) | **COMPLAINT** | |
| ) | | |
| **CECIL HANKS, III and GAIN** ) | **(Jury Trial Demanded)** | |
| **CONSULTING, LLC,** ) | | |
| ) | | |
| **Defendants.** ) | | |
| ) | | |
| ) | | |

## INTRODUCTION AND NATURE OF ACTION

Plaintiff AFS brings this action seeking redress for the misconduct of its former employee, Defendant Cecil "Trey" Hanks, III, in violating obligations owed to AFS under a written Nonsolicitation Agreement and statutory and common law. After resigning his employment with AFS, Hanks misappropriated AFS' proprietary information and improperly solicited its customers, causing AFS significant damage. His conduct was aided and abetted by his new employer, Defendant Gain Consulting, LLC, which encouraged Hanks to violate his obligations to AFS even though Gain had been informed in writing of those obligations and admonished to heed them.

By this action, AFS seeks actual and punitive damages from Hanks and Gain for their deliberate and persistent violation of obligations owed to AFS.

## JURISDICTION AND VENUE

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332. The parties are citizens and domiciliaries of different States, and the amount in controversy exceeds $75,000.

2. Venue is proper in this Court as substantially all of the misconduct alleged herein was committed while Defendant Hanks was residing and working in Edisto Beach, South Carolina.

## PARTIES

3. Plaintiff AFS Logistics, LLC ("AFS") is a limited liability company organized and existing under the laws of the State of Louisiana, with its principal place of business in Shreveport, Louisiana. The sole member and owner of AFS is Brian Barker, a resident and citizen of the State of Utah.

4. Defendant Cecil "Trey" Hanks, III ("Hanks") is, upon information and belief, a citizen of the State of South Carolina, residing in Edisto Beach, South Carolina.

5. Defendant Gain Consulting, LLC ("Gain") is, upon information and belief, a limited liability company organized and existing under the laws of the State of Oklahoma, with its principal place of business in Tulsa, Oklahoma. Defendant Gain does business in South Carolina, including, but not limited to, the business activities that are the subject of this action.

## FACTUAL ALLEGATIONS

6. AFS is a logistics company that provides a range of freight management and data analytics services to companies across the United States.

7. At various times relevant to this action, Hanks was employed by AFS as a Regional Sales Manager, Partnership Director, Regional Sales Director, and Director of Strategic Accounts. While working for AFS, Hanks was responsible for soliciting and serving customers of AFS in a

geographic territory that at times included parts of Louisiana, Texas, Oklahoma, Missouri, Kansas, Florida, and Pennsylvania.

8. At times relevant to this dispute, Hanks worked for AFS remotely, from his home in South Carolina, though he was required to call on customers from time to time at their places of business.

9. In connection with his employment by AFS, Hanks signed a "Non-Solicitation Agreement" (the "NSA"). The NSA prohibited Hanks, for a period of two years following the termination of his employment with AFS, from soliciting or calling upon any customer of AFS for whom Hanks had done work or performed services while employed by AFS. The NSA also prohibited Hanks from using or disclosing, for the benefit of anyone other than AFS, the confidential and proprietary information of AFS.

10. On or about April 8, 2022, Hanks resigned his employment with AFS.

11. Hanks is now employed by Gain. Upon information and belief, Hanks began working for Gain soon after leaving AFS' employment.

12. In the wake of Hanks' resignation from AFS, and as part of AFS' standard operating procedures, AFS conducted a forensic review of the AFS laptop that Hanks had used while employed by AFS. That review indicated that external storage drives had been inserted in the laptop on multiple occasions so that information could be downloaded from the laptop.

13. As a result of its forensic review, AFS sent Hanks a letter on July 11, 2022, asking Hanks to deliver to AFS the external storage drives that had been inserted into the laptop so that AFS' forensic auditors could confirm that none of AFS' confidential or proprietary information had been downloaded by Hanks. In the same letter, AFS reminded Hanks of his duty not to use or disclose AFS' confidential and proprietary information.

16269179v3 28677.00011

14. Hanks' legal counsel responded to AFS' July 2022 letter by claiming that Hanks had not taken any confidential or proprietary information from AFS. Hanks refused, however, to sign a certification to that effect.

15. Thereafter, AFS learned that Hanks, while employed by Gain, has called on at least three different customers of AFS whom Hanks served while employed by AFS. Two of those customers have ended their relationships with AFS and, upon information and belief, have entered into new business relationships with Gain. As a result of Hanks' improper solicitation and interference, another AFS customer solicited by Hanks demanded substantial financial concessions from AFS.

16. In or about January 2023, AFS sent a letter to Gain notifying Gain of the NSA between AFS and Hanks and cautioning Gain not to cause a direct or indirect violation of Hanks' obligations to AFS under the NSA.

17. Upon information and belief, Gain disregarded the letter sent to it by AFS and encouraged Hanks to solicit AFS' customers for Gain's benefit.

18. Hanks' misappropriation of AFS' confidential and proprietary information and interference with AFS' customer relationships, all aided and abetted by Gain, has caused substantial monetary damage to AFS that exceeds $75,000.

### FIRST CAUSE OF ACTION
*(Against Hanks Only)*

**Breach of Contract**

19. AFS incorporates as if fully restated all of the allegations previously written.

20. The NSA constitutes a valid and enforceable agreement between Hanks and AFS.

21. By downloading confidential and proprietary information from his AFS laptop, soliciting customers of AFS with whom he did business while employed by AFS, and interfering with AFS' customer relationships to the detriment of AFS, Hanks has breached the NSA.

22. Hanks' breach of the NSA has caused damage to AFS.

23. Hanks' misconduct entitles AFS to actual damages in an amount to be awarded by this Court. AFS is also entitled to an Order permanently enjoining Hanks from violating the NSA.

## FOR A SECOND CAUSE OF ACTION
### (*Against Hanks Only*)

### Breach of Contract Accompanied by a Fraudulent Act

24. AFS incorporates as if fully restated all of the allegations previously written.

25. The NSA constitutes a valid and enforceable contract between Hanks and AFS.

26. Hanks breached the NSA, as aforesaid, causing damage to AFS.

27. Hanks' breach of the NSA was accompanied by dishonesty in fact and/or unfair dealing, including, but not limited to, misrepresenting whether he had taken confidential and proprietary information from AFS and surreptitiously attempting to divert AFS' customers to Gain, in violation of the NSA.

28. Hanks' misconduct entitles AFS to actual and punitive damages in an amount to be awarded by this Court. Hanks is also entitled to an Order permanently enjoining Hanks from violating the NSA.

## FOR A THIRD CAUSE OF ACTION
### (*Against Hanks and Gain*)

### Violation of the South Carolina Trade Secrets Act

29. AFS incorporates as if fully restated all of the allegations previously written.

30.     AFS' confidential information constitutes business and technical information that derives independent, actual or potential commercial value from not being generally known or readily ascertainable to persons outside AFS.  AFS' confidential information has been the subject of efforts that are reasonable under the circumstances to maintain its secrecy.  As an employee of AFS, Hanks had and continues to have a continuing duty to refrain from disclosing or using this confidential information.  Accordingly, AFS' confidential information is protectable under the South Carolina Trade Secrets Act, Section 39-8-10, *et seq*., and the common law of South Carolina.

31.     Hanks and, upon information and belief, Gain, have misappropriated AFS' confidential and proprietary information, as aforesaid.

32.     As a proximate result of the aforesaid misappropriation, AFS is entitled to injunctive relief, pursuant to Section 39-8-50 and the common law, restraining:  (i) Hanks and Gain from disclosing or using any confidential or proprietary information of AFS, including, but not limited to, the confidential and proprietary information misappropriated by Hanks, as aforesaid.

33.     In addition, AFS is entitled to recover its actual damages form Hanks and Gain, including, but not limited to, disgorgement of income wrongfully derived from the aforesaid misappropriation, in an amount to be proved at trial, pursuant to Section 39-8-40.

34.     Hanks' and Gain's misappropriation has been wrongful, willful, malicious, and made in bad faith.  Accordingly, AFS is entitled to recover punitive damages from Defendants in an amount to be established at trial and its reasonable attorney's fees, pursuant to Sections 39-8-40 and 39-8-80.

**FOR A FOURTH CAUSE OF ACTION**
*Against Gain Only*
**Tortious Interference with Contract**

35.     Plaintiff incorporates as if fully restated all of the allegations previously written.

16269179v3 28677.00011

36. Gain had knowledge of the valid, binding and enforceable NSA between Hanks and AFS.

41. Gain has tortiously interfered with the NSA between AFS and Hanks by, among other things, aiding, abetting, and encouraging Hanks in his wrongful solicitation of AFS' customers. Such misconduct was an improper means of competing with AFS that was not done in good faith or in pursuance of any legitimate business interest of Gain.

42. AFS has suffered damages in an amount to be determined at trial as a direct result of Gain's tortious interference with the NSA. AFS is also entitled to recover from Gain punitive damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

Wherefore, having fully set forth its Complaint against Defendants, AFS prays:

A. That judgment be entered against Defendant Hanks for actual damages and prejudgment interest on Plaintiff's causes of action for breach of contract, breach of contract accompanied by a fraudulent act, and a violation of the South Carolina Trade Secrets Act;

B. That judgment be entered against Defendant Hanks for punitive damages on Plaintiff's causes of action for breach of contract accompanied by a fraudulent act and a violation of the South Carolina Trade Secrets Act;

C. That judgment be entered against Defendant Gain for actual damages (and prejudgment interest thereon) and punitive damages on AFS' causes of action for a violation of the South Carolina Trade Secrets Act and tortious interference with contract;

D. That AFS be awarded its reasonable attorneys' fees and the costs of this action;

E. That this Court enter an Order permanently enjoining Hanks from violating his obligations under the NSA and his obligation (under the NSA and applicable law) not to use or disclose AFS' confidential and proprietary information; and

F. For such other and further relief as the Court deems necessary, proper, and lawful.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all matters so triable.

This 18th day of July, 2023.

Respectfully Submitted,

/s/ Stephen M. Cox
Stephen M. Cox
Federal I.D. No. 6913
scox@robinsonbradshaw.com

Spencer T. Wiles
Federal I.D. No.
swiles@robinsonbradshaw.com

ROBINSON BRADSHAW
202 East Main Street, Suite 201
Rock Hill, South Carolina 29730
(803) 325-2910

16269179v3 28677.00011